NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170942-U

NO. 4-17-0942

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. COURTNEY MICHAEL ROCKWELL, Defendant-Appellant. | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of McLean County No. 17CF584 Honorable Robert L. Freitag, Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The sentence is not an abuse of discretion.

¶ 2     The circuit court of McLean County sentenced defendant, Courtney Michael Rockwell, to 15 years' imprisonment for predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)). Defendant appeals, challenging the sentence as too severe. By imposing this sentence, the court did not abuse its discretion. Therefore, we affirm the judgment.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. The Guilty Plea

¶ 5     On August 29, 2017, in a pretrial hearing, the circuit court was informed that defendant wished to enter an open guilty plea to count I of the indictment, a count that charged him with predatory criminal sexual assault of a child (*id.*). After admonishing defendant regarding his proposed guilty plea and confirming with him that no one had promised anything other than

the dismissal of the remaining counts of the indictment, the court requested the prosecutor to give a factual basis.

¶ 6       The prosecutor said that if the case went to trial, the evidence would show the following. A hotline call was made to the Department of Children and Family Services: Four-year-old M.C. had told her grandmother that defendant had made M.C. touch his "whistle," meaning his privates. A detective followed up by interviewing M.C. on May 9, 2017, at the McLean County Children's Advocacy Center, and the interview was audio- and video-recorded. M.C. related in the interview that defendant was a friend of her father's and that one day, when she was three, her father asked defendant to babysit her so that her father could go to the library. While her father was away, defendant pulled down his pants, M.C. told the detective, and defendant made her touch his penis with her bare hand. After interviewing M.C., the detective interviewed defendant, who waived his *Miranda* rights (see *Miranda v. Arizona*, 384 U.S. 436 (1966)) and admitted, on camera, that sometime in the winter of 2016 he exposed his penis to M.C.—his "whistle" was what he had told M.C. it was—and that, for his own sexual gratification, he had M.C. touch it with her bare hand.

¶ 7       Defense counsel stipulated to the factual basis, and the circuit court reconfirmed with defendant that he wished to plead guilty to predatory criminal sexual assault of a child. Finding defendant's waiver of his trial rights to be voluntary and understanding, the court accepted the guilty plea and entered judgment on it. The remaining counts of the indictment were dismissed.

¶ 8                         B. The Sentencing Hearing

¶ 9       On October 23, 2017, there was a sentencing hearing.

¶ 10      In the hearing, Jennifer Bauer testified she was a licensed clinical therapist with the Youth Services Bureau of Illinois and that in July 2017 she began giving M.C. sexual abuse

counseling. In Bauer's opinion, M.C. met the criteria for post-traumatic stress disorder and child sexual abuse. Bauer had observed that M.C. was hypervigilant and startled easily. Also, M.C.'s grandmother had informed Bauer that M.C. would wake up almost every night screaming from nightmares and that M.C. was irritable at school.

¶ 11        After Bauer's testimony, the circuit court heard arguments.

¶ 12        The prosecutor pointed out four aggravating factors: (1) defendant's conduct caused or threatened serious harm, (2) he had a prior misdemeanor conviction of domestic battery, (3) he was in a position of trust or supervision as M.C.'s babysitter when sexually assaulting her, and (4) others needed to be deterred from committing sexual offenses against children. To serve that deterrent purpose and to account for the other aggravating factors, the prosecutor recommended imprisonment for 15 years.

¶ 13        Defense counsel contended that 15 years would be too severe, considering the mitigating factors: (1) defendant had no prior criminal record other than the misdemeanor conviction; (2) he was young and had a high school diploma; and (3) he had struggled with substance abuse as well as serious mental health problems, including depression and suicidal thoughts. Defense counsel suggested that six years' imprisonment would be a more reasonable sentence.

¶ 14        After the parties made their arguments, the circuit court stated it was considering the presentence investigation report, the evidence presented in the sentencing hearing, the recommendations of counsel, defendant's written statement, and the relevant statutory factors in aggravation and mitigation. The court regarded defendant's mental health problems and substance addiction as mitigating factors, which the court weighed against the aggravating factors, namely, the seriousness of the offense, defendant's violation of trust in committing the offense, his

repudiation of responsibility in a letter from him to the court denying guilt, and the need to deter others. Of those aggravating factors, the most important, in the court's mind, were the violation of trust and the need for deterrence. The court decided that the sentence defense counsel had recommended, six years' imprisonment, would inadequately account for those aggravating factors. Instead, as the prosecutor had recommended, the court imposed a sentence of 15 years' imprisonment.

¶ 15                    C. Defendant's Motion to Reduce the Sentence

¶ 16            On October 23, 2017, defendant filed a motion to reduce the sentence. The motion argued simply that, "considering all the facts and circumstances presented at the sentencing hearing, the sentence [was] excessive."

¶ 17            On December 19, 2017, in the hearing on his motion to reduce the sentence, defendant admitted he had committed the offense and that the letter he had sent to the circuit court denying his culpability was false. Additionally, he admitted telling a detective that he had sexually abused not only M.C. but also his sister. He testified, however, that he planned to undergo sexual counseling and to attend classes with the intent of rehabilitating himself and avoiding reoffending.

¶ 18            After defendant's testimony, defense counsel argued the circuit court should reduce the 15-year prison sentence.

¶ 19            The circuit court declined to do so. The court remarked that defendant's original failure to take responsibility had not been a major factor in the sentence but that his abuse of trust and authority and the need for deterrence were still, in the court's mind, the major aggravating factors.

¶ 20                                II. ANALYSIS

¶ 21                    A. The Threshold Question of Procedural Forfeiture

¶ 22    Defendant's motion to reduce the sentence claimed simply that, "considering all the facts and circumstances presented at the sentencing hearing, the sentence [was] excessive." The motion left these "facts and circumstances" unspecified. The State questions whether a postsentencing motion of such vagueness can preserve any sentencing issues for review. Defendant argues it can because all the mitigating and aggravating factors were identified in the sentencing hearing and the circuit court did not need them to be repeated in the postsentencing motion. It was enough, defendant maintains, for the motion to request a reconsideration of the evidence presented in the sentencing hearing.

¶ 23    Defendant's position has support in case law. In *People v. Latto*, 304 Ill. App. 3d 791, 804 (1999), the defendant claimed, on appeal, that the nine-year and five-year prison terms he had received were punishments for exercising his right to a trial. In the postsentencing motion that the defendant had filed in the trial court, however, the only claim he made was that his sentences were " 'excessive.' " *Id.* Even so, the appellate court held that this general claim of an excessive sentence was sufficient to preserve the defendant's more specific sentencing issue for review. *Id.* It follows that the postsentencing motion in the present case, which is somewhat more specific than the one in *Latto*, is sufficient to preserve defendant's sentencing issues for review.

¶ 24            B. Whether the Sentence Is an Abuse of Discretion

¶ 25    Defendant argues that a prison sentence that is nine years above the minimum possible prison sentence necessarily fails to take into account his mental health problems, drug addictions, lack of criminal history, and rehabilitative potential. See 720 ILCS 5/11-1.40(a)(1), (b)(1) (West 2016). He has been diagnosed with anxiety disorder, attention deficit hyperactivity disorder, and bipolar disorder with psychotic features. He has attempted suicide four times. He has struggled with addictions to alcohol and cocaine. He was sexually abused by his mother and father

and was physically abused by his stepfather. And yet, he had only one prior criminal conviction, a 2015 misdemeanor domestic battery, and he had earned a high school degree and had held jobs as a bagger and a cook. Thus, defendant argues, he has a strong potential for rehabilitation, a potential ignored in the 15-year prison sentence.

¶ 26      That the circuit court ignored any of the mitigating factors is a baseless assertion, the State counters, unsupported by any evidence in the record. All the mitigating factors that defendant enumerates were set forth in the presentence investigation report, which the court explicitly considered in the sentencing hearing. Just because the court declined to give the mitigating factors as much weight as defendant thinks they deserved, that does not mean the court failed to consider them.

¶ 27      "Considering" the mitigating factors is pointless, defendant rejoins, unless such consideration is adequately reflected in the sentence the circuit court imposes. "Not only must the [sentencing court] *consider* the rehabilitative or restorative factor, [but the court] must also *act* on it as an objective of [the] sentence." (Emphases added.) *People v. Gibbs*, 49 Ill. App. 3d 644, 648 (1977).

¶ 28      Arguably, though, such action is apparent in a prison sentence that is 45 years below the maximum possible prison sentence. The statutory range is imprisonment for not less than 6 years and not more than 60 years. See 720 ILCS 5/11-1.40(a)(1), (b)(1) (West 2016). A sentence of 15 years' imprisonment is indeed, as defendant describes it, 9 years above the minimum, but it can just as legitimately be described as 45 years below the maximum. It appears that the mitigating factors pushed the prison sentence pretty far toward the lower end of the statutory range.

¶ 29      The circuit court also had to consider and act on the aggravating factors. Not every reasonable person necessarily would agree that 15 years' imprisonment inflated the aggravating

factors beyond their deserved significance. See *People v. Butler*, 2013 IL App (1st) 120923, ¶ 30. The violation of a trust, the use of a fiduciary position of adult supervision to sexually exploit the child in one's care, is a powerful aggravating factor. The crime is made even more serious by the very young age of the victim. See *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002) ("The seriousness of the crime is the most important factor in determining an appropriate sentence, not the presence of mitigating factors such as the lack of a prior record ***.").

¶ 30　　　　We are unable, then, to characterize the sentence as unreasonable or arbitrary. See *Butler*, 2013 IL App (1st) 120923, ¶ 30. Finding no abuse of discretion in the sentence of 15 years' imprisonment, our duty is to affirm the sentence. See *id.*

¶ 31　　　　　　　　　　III. CONCLUSION

¶ 32　　　　For the foregoing reasons, we affirm the circuit court's judgment.

¶ 33　　　　Affirmed.